**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HILARIO GUZMAN-GONZALEZ,<br><br>    Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. 07 CV 2431 JM<br>CRIM. NO. 06 CR 2557 JM<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

Petitioner, proceeding <u>in propia persona</u>, moves to vacate his sentence under 28 U.S.C. § 2255. He argues that 18 U.S.C. § 3231, the statute giving district courts jurisdiction over federal crimes, is unconstitutional. He also argues that he received ineffective assistance of counsel because counsel failed to raise this issue. The government opposes the motion. For the reasons set forth below, the court hereby **DENIES** the motion.

**I.    BACKGROUND**

Pursuant to a written plea agreement, Petitioner pleaded guilty on March 9, 2007 to one count of possessing with the intent to distribute approximately 220.77 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1). (Resp., Exh. A ("Plea Agreement") at 2.) The plea agreement provided that the parties would jointly recommend a total offense level of 17. (<u>Id.</u> at 8.) The plea agreement also provided,

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and

sentence, including any restitution order, unless the Court imposes a custodial sentence greater than the high end of the guideline range (or statutory mandatory minimum term, if applicable) recommended by the Government pursuant to this agreement at the time of sentencing.

(Id. at 10.)

During the March 9, 2007 plea colloquy before Magistrate Judge Peter LEwis, Petitioner indicated that he understood he was giving up his right to appeal and collaterally attack and that he otherwise understood the plea agreement in its entirety. (See, e.g., Resp., Exh. B (Plea Colloquy) at 16-17, 4) Magistrate Judge Lewis found that Petitioner was competent to enter the plea and had entered into the plea agreement "knowingly and voluntarily with a full understanding of the nature of the charges, [Petitioner's] rights and the consequences of a plea or of the plea, and that there's a factual basis for [the] plea." (Id. at 21.) On the same day, this court accepted Petitioner's guilty plea and sentenced Petitioner to the mandatory minimum of 60 months in prison, followed by four years of supervised release. (See Minute Entry of May 9, 2007 (Doc. no. 15); Judgment (Doc. no. 17).) This sentence exceeded the advisory guideline range of 33-41 months. (See Resp., Exh. C (Sentencing Hearing) at 6.) The court advised Petitioner, "I have imposed [this] sentence under the agreement that you have entered into in such a way that you have waived your right to appeal or in any other way attack or challenge both the conviction based on your plea of guilty in this case, as well as the sentence imposed[.]" (Id. at 7.) Petitioner stated that he understood these facts. (Id.)

In his § 2255 motion, Petitioner claims that 18 U.S.C. § 3231, the statute giving district courts jurisdiction over federal crimes, is unconstitutional. He also argues that he received ineffective assistance of counsel because counsel failed to raise this issue. In support of his arguments, he includes portions of the legislative history of § 3231.

Respondent opposes the petition on the following two grounds: (1) Petitioner waived his right to collaterally attack his sentence and conviction; and (2) Petitioner's ineffective assistance of counsel argument fails on the merits.

**II.  DISCUSSION**

    **A.  Petitioner Waived His Right to Collateral Attack**

Respondent argues that Petitioner cannot collaterally attack his sentence because he waived his right to do so in his plea agreement. Petitioner's § 2255 motion does not address this issue.

Section 2255 provides, in relevant part,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The knowing and voluntary waiver of a defendant's statutory right to challenge a sentence under § 2255 is enforceable. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (waiver foreclosed challenge to sentence length); see also United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994) (plea agreement must explicitly waive right to bring 2255 motion). The Ninth Circuit has indicated that exceptions to this rule may exist in limited circumstances, including where a § 2255 petition challenges a plea agreement's validity by way of an ineffective assistance of counsel or involuntariness claim. See, e.g., Washington v. Lampert, 422 F.3d 864, 870-71 (9th Cir. 2005); United States v. Jeronimo, 398 F.3d 1149, 1156 n.4 (9th Cir. 2005). In Pruitt, the Ninth Circuit "doubt[ed] that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accepted a particular plea bargain" but noted that a waiver to collaterally attack a sentence based "only [on] counsel's alleged mishandling of the sentencing proceedings" is enforceable. 32 F.3d at 433.

Although the plea agreement here does not specifically mention § 2255, see Pruitt, 32 F.3d at 433, its language clearly embraces a waiver of any collateral attack on Petitioner's sentence, including a § 2255 motion. See United States v. Schuman, 127 F.3d 815, 817 (9th Cir. 1997) (per curiam) (defendant waived statutory right to appeal incorrect application of Sentencing Guidelines even though plea agreement did not specifically mention this right; to find otherwise "would render the waiver meaningless"). The record suggests that Petitioner's waiver was knowing and voluntary. Thus, to the extent that Petitioner seeks relief on grounds other than ineffective assistance of counsel, involuntary waiver of his § 2255 rights, or lack of subject matter jurisdiction – an unwaivable objection – the court finds that Petitioner's waiver is enforceable.

In regard to Petitioner's ineffective assistance of counsel claim, the government argues that

1  this court should follow the <u>dicta</u> in <u>Pruitt</u>, consistent with the Fifth, Sixth, Seventh, and Tenth Circuits
2  (Resp. at 8-10), and hold that an ineffective assistance of counsel exception to collateral attack waivers
3  is limited to those cases directly implicating the validity of the waiver or the plea itself, and not to
4  alleged sentencing errors (as long as the actual sentence imposed is consistent with the plea
5  agreement). See <u>United States v. White</u>, 307 F.3d 336, 343-44 (5th Cir. 2002); <u>Davila v. United</u>
6  <u>States</u>, 258 F.3d 448, 451 (6th Cir. 2001); <u>United States v. Cockerham</u>, 237 F.3d 1179, 1187 (10th Cir.
7  2001); <u>Mason v. United States</u>, 211 F.3d 1065, 1069 (7th Cir. 2000).  The government also cites
8  <u>United States v. Broce</u>, 488 U.S. 563 (1989), in which the Supreme Court reasoned,

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

13 <u>Id.</u> at 569.

14       In light of the errors alleged by Petitioner, the court concludes that he has validly waived his
15  right to collaterally attack the sentence.  The only arguments raised by Petitioner attack the court's
16  jurisdiction.  Petitioner does not challenge the voluntariness of his waiver or otherwise inform the
17  court of any other reasoned basis to invalidate the waiver.  Seen in this light, the court concludes that
18  Petitioner has validly waived his right to collaterally attack his sentence. See <u>Williams v. United</u>
19  <u>States</u>, 396 F.3d 1340, 1342 (11th Cir. 2005) (upholding the validity of a waiver of appellate and
20  collateral relief because "a contrary result would permit a defendant to circumvent the terms of the
21  sentence – appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective
22  assistance, thus rendering the waiver meaningless").

23       **B.    Petitioner Fails to Demonstrate Either Ineffective Assistance of Counsel or Lack
24              of Subject Matter Jurisdiction**

25       Even if Petitioner did not validly waive his right to assert such sentencing-related claims, his
26  ineffective assistance of counsel and jurisdictional claims fail on the merits.  To prevail on a claim of
27  ineffective assistance, Petitioner must demonstrate that his counsel's performance "fell below an
28  objective standard of reasonableness."  <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984).

1  Furthermore, Petitioner must show a "reasonable probability that, but for the counsel's unprofessional
2  errors, the result of the proceeding would have been different." <u>Id.</u> at 694.  A strong presumption
3  exists against a finding of ineffective assistance, and Petitioner "must overcome the presumption that,
4  under the circumstances, the challenged action might be considered sound trial strategy." <u>Id.</u> at 690
5  (internal quotation omitted). To establish prejudice, a defendant who pleaded guilty must demonstrate
6  "that his attorney's representation fell below an objective standard of reasonableness and that, but for
7  the errors, he would not have pleaded guilty and would have insisted on going to trial." <u>United States</u>
8  <u>v. Freeny</u>, 841 F.2d 1000, 1002 (9th Cir. 1988).

9  Petitioner argues that his counsel rendered ineffective assistance because counsel did not
10  challenge the court's jurisdiction to sentence Petitioner. (Mot. at 7-11.) He claims that 18 U.S.C. §
11  3231[1] is unconstitutional because it was not properly enacted by Congress and signed by President
12  Truman.  These arguments lack evidentiary and legal support.  In concurrence with cases explicitly
13  rejecting challenges to the validity of § 3231, <u>see, e.g.</u>, <u>United States v. Risquet</u>, 426 F. Supp. 2d 310,
14  311 (E.D. Pa. 2006), and with all cases in which courts have relied upon § 3231 to provide subject
15  matter jurisdiction over federal criminal charges, <u>see, e.g.</u>, <u>Tafflin v. Levitt</u>, 493 U.S. 455, 464 (1990),
16  this court finds that § 3231 is constitutional.  Plaintiff fails to demonstrate that the court lacked subject
17  matter jurisdiction to sentence him based on a federal crime.  Accordingly, Plaintiff also fails to
18  establish that counsel's performance fell below the <u>Strickland</u> standard.

19  The court also concludes that Petitioner fails to identify any prejudice within the meaning of
20  <u>Strickland</u>.   Because the court has jurisdiction over federal crimes, failure to challenge the
21  constitutionality of § 3231 could not have caused prejudice.  Further, Petitioner fails to argue or
22  demonstrate that but for counsel's alleged failure he would not have pleaded guilty and would have
23  insisted on going to trial.  Petitioner's 60-month sentence was the result of the imposition of the
24  statutory mandatory minimum, as provided for in the plea agreement.  As in <u>Freeny</u>, it is "improbable
25  that [defendant] would have chosen to go to trial or, if convicted, would have received a sentence less
26  than" the sentence he actually received.  <u>Freeny</u>, 841 F.2d at 1002.

---

28  [1]Section 3231 provides: "The district courts of the United States shall have original jurisdiction exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231.

**III.  CONCLUSION**

In sum, the court hereby **DENIES** the motion to correct, set aside, or modify the sentence. The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED: June 11, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:  All parties